UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRIAN K. ALFORD,**

      **Plaintiff,**

                                    **Civil Action 2:20-cv-3879**
      v.                              **Chief Judge Algenon L. Marbley**
                                    **Chief Magistrate Judge Elizabeth P. Deavers**

**ANNETTE CHAMBERS-SMITH,** *et al.***,**

      **Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this prisoner civil rights action under 42 U.S.C. § 1983. (ECF No. 1.) On August 5, 2020, the Clerk issued a Notice of Deficiency, as Plaintiff had failed to either pay the filing fee or move to proceed *in forma pauperis*. (ECF No. 2.) On August 14, 2020, Plaintiff filed an Amended Complaint (ECF No. 4), and on August 20, 2020, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 5.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 5) be **DENIED**.

**I.**

The Prisoner Litigation Reform Act ("PLRA") limits a prisoner's ability to proceed *in forma pauperis* if the prisoner has had three or more prior cases dismissed on the grounds that they were frivolous or malicious:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

> or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In interpreting the language of this section, the United States Court of Appeals for the Sixth Circuit has held that claims dismissed as frivolous or for failure to state a claim both count as strikes under § 1915(g). *Pointer v. Wilkinson*, 502 F.3d 369, 373 (6th Cir. 2007) ("The text of § 1915(b) draws no distinction between claims dismissed as frivolous or for failure to state a claim; both types of dismissals count as a strike").

As the language of § 1915(g) indicates, the three-strikes provision will not apply if a "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Sixth Circuit describes the requirements for a claim of imminent danger as follows:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 Fed.Appx. 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also Taylor* [*v. First Med. Mgmt.*], 508 Fed.Appx. [601] at 492 [(6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 Fed.Appx. 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf. Pointer*, 502 F.3d at 371 n. 1 (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (*i.e*. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 Fed.Appx. at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 Fed.Appx. at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Servs., Inc*., 727 F.3d 580, 585 (6th Cir. 2013).

**II.**

The Undersigned concludes that Plaintiff has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g) of the PLRA. Plaintiff admits as much in his Motion to Proceed *in forma pauperis*. (ECF No. 5 at 7.) Moreover, this Court has previously determined that Plaintiff has accumulated three strikes as contemplated in § 1915(g) due to the numerous frivolous lawsuits and appeals he has filed in various federal courts. *See Alford v. Mohr*, 1:15-cv-645, ECF No. 5 at 2-3 (S.D. Ohio Nov. 19, 2015) (identifying several previous dismissals at screening stage).

Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). "[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Id.* (internal quotation marks and citation omitted). To satisfy this pleading standard, "[a] plaintiff must . . . allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed his complaint." *Id.* (citing *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)) (internal quotation marks and citations omitted).

Plaintiff alleges that prison staff denied his request for a COVID-19 antibody test and that he believes he should be categorized by prison staff as higher risk considering his age and prior health issues, and thus is not subject to a transfer. (ECF No. 4 at 2-5.) Plaintiff's Amended Complaint primarily alleges grievances with the institution's response to the COVID-19 virus generally, including the failure to conduct mass testing on inmates and decisions related to quarantining and transferring inmates. (*Id.*) While the Court is sympathetic to Plaintiff's general

3

concern about the COVID-19 virus, speculation about the mere possibility that he will become infected by the virus does not constitute imminent danger.

For these reasons, Plaintiff has not alleged an imminent, real, and proximate danger of serious physical injury so as to qualify for *in forma pauperis* status under the exception the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the "imminent danger" exception to § 1915(g) does not apply. Because Plaintiff does not qualify for the imminent danger exception to the three-strikes provision of the PLRA, he must pay the full filing fee for this case to proceed.

### III.

Because Plaintiff has accumulated three strikes within the meaning of § 1915(g) and he is not in imminent danger of serious physical injury, the PLRA precludes Plaintiff from proceeding *in forma pauperis*. Accordingly, it is **RECOMMENDED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**; that Plaintiff be required to pay the entire $400 filing fee within **THIRTY (30) DAYS** of an Order adopting this Report and Recommendation; and that Plaintiff be notified that his failure to pay the full fee within thirty (30) days will result in the dismissal of the action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002). It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### IV. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: August 25, 2020**         /s/ *Elizabeth A. Preston Deavers*
                                     **ELIZABETH A. PRESTON DEAVERS**
                                     **CHIEF UNITED STATES MAGISTRATE JUDGE**