# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **BRIAN K. ALFORD,** | : | |
| | : | **Civil Action. 2:20-cv-3879** |
| **Plaintiffs,** | : | |
| | : | **Chief Judge Algenon L. Marbley** |
| v. | : | |
| | : | **Chief Magistrate Judge Deavers** |
| **ANNETTE CHAMBERS-SMITH,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on Chief Magistrate Judge Deavers's August 25, 2020 Report and Recommendation (ECF No. 6) recommending that the Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 5) be **DENIED**. On October 1, 2020, Plaintiff Brian K. Alford filed a timely objection to the Report and Recommendation. (ECF No. 9). For the reasons detailed below, Plaintiff's Objection is hereby **OVERRULED**. This Court hereby **ADOPTS** the Magistrate Judge's **Report and Recommendation,** based on a de novo review of the analysis therein, and **DENIES** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 5).

## I. BACKGROUND

On July 31, 2020, Plaintiff Brian K. Alford, an individual currently incarcerated at the Toledo Correctional Institution ("TOCI"), filed a complaint against the Ohio Department of Rehabilitation and Correction Director, the Warden of TOCI, and Nurse Jane Doe, alleging civil rights violations pursuant to 42 U.S.C. § 1983. (ECF No. 1). At the time of the complaint's filing, Plaintiff neither paid the required filing fee nor filed a Motion for Leave to Proceed *in forma pauperis* as required by 28 U.S.C. § 1915(b)(1). After this Court issued an Order and Notice of

Deficiency on August 5, 2020 (ECF No. 2), Mr. Alford filed a Motion for Leave to Proceed *in forma pauperis* on August 20, 2020 (ECF No. 5).

On August 25, 2020, the Chief Magistrate Judge entered a Report and Recommendation recommending that Plaintiff's Motion be denied. (ECF No. 6). The Report and Recommendation determined that Mr. Alford had previously filed three cases that were dismissed and qualified as "strikes" within the meaning of 28 U.S.C. § 1915(g). (ECF No. 6 at 1–2). Chief Magistrate Judge Deavers noted that this Court had already held that Mr. Alford is barred from proceeding *in forma pauperis* because of his accumulated strikes in another matter, *Alford v. Mohr*, 1:15-cv-645, ECF No. 5 at 2–3 (S.D. Ohio Nov. 19, 2015). (*Id.* at 3). The Report and Recommendation also determined that Plaintiff's complaint does not contain allegations suggesting that Plaintiff is in imminent danger of serious physical injury that would allow an exception to the three-strikes provision under § 1915(g). (ECF No. 6 at 3–4). On October 1, 2020, Plaintiff filed an objection to the Report and Recommendation, arguing that his filing satisfies the "imminent danger" exception to the three-strikes provision because he is presently being "denied adequate medical treatment for a life-threatening chronic illness." (ECF No. 9 at 2–3).

## II.     STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are filed on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Only objections that are specific are entitled to a de novo review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (noting that

"[t]he parties have the duty to pinpoint those portions of the Magistrate Judge's report that the district court must specially consider").

The court also holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This less stringent standard extends to "additional allegations set forth in objections to the magistrate judge's R&R at the discretion of the district court." *Id.*

### III.  LAW AND ANALYSIS

The Prison Litigation Reform Act ("PLRA") prohibits a prisoner from proceeding with a civil action or appeal without prepayment of fees if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This has become known as the "three-strikes provision," with each "strike" representing a dismissal of an action or appeal. *See, e.g.*, *In re Alea*, 286 F.3d 378 (6th Cir. 2002).

The Report and Recommendation notes that Plaintiff has "admitted" to accumulating three strikes in his Motion to Proceed *in forma pauperis*. (ECF No. 5 at 7). Mr. Alford disclosed three dismissals on his Motion to Proceed *in forma pauperis*: *Alford v. Wilkinson*, 2:97-cv-997 (dismissed August 29, 1997); *Alford v. Wilkinson*, 2:98-cv-226 (dismissed February 27, 1998); and *Alford v. Rice*, 3:10-cv-424 (dismissed January 28, 2011). The Report and Recommendation further identifies another case not disclosed by Mr. Alford, wherein the magistrate judge identified a total of four dismissed actions filed by Mr. Alford and recommended a denial of leave to proceed *in forma pauperis*. *See* Report and Recommendation at 2–3, *Alford v. Mohr*, No. 1:15-cv-645 (S.D. Ohio March 2, 2016). Mr. Alford does not raise any objection to the finding that he has

3

accumulated more than three strikes within the meaning of 28 U.S.C. § 1915(g). After reviewing all of the civil cases that Plaintiff Alford has brought while incarcerated, this Court finds that he has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g).

An incarcerated person may still proceed *in forma pauperis* after accumulating three strikes if he can satisfy the "imminent danger" exception of 28 U.S.C. § 1915(g). The Sixth Circuit has found that the "imminent danger" exception is "essentially a pleading requirement subject to the ordinary principles of notice pleading," where a plaintiff must show that "his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Vandiver v. Prison Health Servs, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416. F. App'x 560, 562 (6th Cir. 2011) and *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). An incarcerated person invoking the "imminent danger" exception must demonstrate two things to a court: (1) that he satisfies the "temporal requirement," in that the danger he faces is "real and proximate and [that] the danger of serious physical injury" exists at the time of the complaint's filing, *see id.* (quoting *Rittner v. Kinder*, 290 F. App'x 797, 797 (6th Cir. 2008)); and (2) that the allegations pled are sufficient enough to allow a court to "draw reasonable inferences that the danger exists." *Id.*

The Report and Recommendation found that Plaintiff's allegations did not meet the standard for "imminent danger" because his complaint "primarily alleges grievances with the institution's response to the COVID-19 virus generally." (ECF No. 6 at 3). Chief Magistrate Judge Deavers noted that his concerns about contracting the virus were speculative and could not constitute imminent danger. (*Id.* at 3–4). In his Objection, the Plaintiff argues that he falls within the "high risk" category for COVID-19, as he is a 63-year old Black man with preexisting health

4

issues, including "chronic hypertension, liver d[i]sease, respiratory ailments, chronic eye condition, [and] ear and respiratory infections." (ECF No. 9 at 2). He argues that he is continually suffering from a failure to treat life-threatening illnesses, namely hepatitis-C and chronic eye conditions, which he asserts places him in real and proximate danger such as to satisfy the "imminent danger" exception. (*Id.* at 3).

In support of this argument, Plaintiff includes a citation to *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580 (6th Cir. 2013), wherein the court found that an allegation that defendants were withholding adequate treatment for an incarcerated person's liver disease could satisfy the "imminent danger" exception. 727 F.3d at 583. The Sixth Circuit held in *Vandiver* that a plaintiff alleging danger of serious harm due to a failure to treat chronic illness can satisfy the "imminent danger" exception because "incremental harm that culminates in a serious physical injury may present a danger equal to harm that results from an injury that occurs all at once." *Id.* at 587. A court need not wait until a plaintiff's condition has so far deteriorated "that the next instance of maltreatment would result in a serious physical injury" before granting *in forma pauperis* status under the exception. *Id.* The Sixth Circuit has yet to impose a "nexus requirement" between the "imminent danger" exception and the legal claims asserted, but at least one circuit has imposed such a requirement. *See Lapine v. Waino*, No. 17-1636, 2018 WL 6264565, at *2 (6th Cir. Oct. 11, 2018) (finding no abuse of discretion where district court denied *in forma pauperis* because the legal claims were not tied to the failure to treat a chronic illness); *see also Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010) (finding that a three-strikes plaintiff may proceed IFP in a civil action if at least one of his claims relates to the allegations of imminent danger); *Martin v. Cook*, No., 2016 WL 3583692, at *3 (S.D. Ohio Feb. 4, 2014) (finding "imminent danger"

5

requirement met where at least some of plaintiff's allegations derived from a failure to treat chronic illnesses).

Mr. Alford's complaint, however, does not meet the "imminent danger" exception because he has not sufficiently pled allegations that would allow this Court to "draw reasonable inferences that the danger exists" because his discussion of the failure to treat is cursory and unrelated to the primary allegation in his complaint. In his underlying complaint, Mr. Alford's seeks redress for the manner in which TOLI is handling COVID-19, specifically that he was denied testing for COVID-19 despite experiencing symptoms associated with the virus and that he should not be transferred to a different facility because of his risk status. (ECF No. 1 at 1–2). In his complaint and objection to the Report and Recommendation, Mr. Alford identifies several factors that he believes place him at a higher risk of serious illness or death from COVID-19, including his age, liver disease, high blood pressure, respiratory illness, and chronic eye conditions. (ECF No. 1 at 1–2; ECF No. 9 at 2–3).[1] Mr. Alford does not assert that any of the conditions that place him at higher risk of serious illness from COVID-19 are not being adequately treated; rather, his issues are with the institution-wide response to the pandemic. Instead, he separately identifies two conditions for which he allegedly does not receive adequate medical treatment: hepatitis-C and chronic eye conditions. (*Id.*). While a failure to receive adequate medical treatment for a chronic illness may satisfy the "imminent danger" exception, Mr. Alford's complaint only provides a cursory mention of this issue. (*Id.*). He provides no further details about the alleged failure to treat his chronic illnesses sufficient to satisfy the "ordinary principles of notice pleading," even after

---

[1] This Court takes judicial notice of the fact that Mr. Alford alleges he is afflicted with two conditions that the CDC has identified as underlying medical conditions that might place an adult at increased risk of severe illness from COVID-19: hypertension and liver disease. *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#:~:text=Adults%20of%20any%20age%20with,or%20mechanical%20ventilation%2C%20or%20death (last accessed December 2, 2020 at 12:00 p.m.).

liberally construing his pleadings as this Court is required to do when a litigant is proceeding *pro se*. *See Vandiver*, 727 F.3d at 585. The actual basis of Mr. Alford's complaint appears to concern the manner in which his facility is handling COVID-19. (ECF No. 1 at 1–2; ECF No. 9 at 2–3). While the "imminent danger" exception may be satisfied by allegations that an institution is failing to treat chronic illness, Mr. Alford does not sufficiently plead that the failure to treat his chronic conditions places him in "imminent danger." Accordingly, the "imminent danger" exception to 28 U.S.C. § 1915(g) does not apply and Mr. Alford must pay the full filing fee if he would like to pursue his case.

## IV. CONCLUSION

For the foregoing reasons, this Court **ADOPTS** Chief Magistrate Judge Deavers's Report and Recommendation. Thus, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED** and his Motion for Leave to Proceed *in forma pauperis* (ECF No. 5) is **DENIED**. The Plaintiff must pay the full filing fee for this case to proceed.

**IT IS SO ORDERED.**

                                                           **ALGENON L. MARBLEY**
                                                           **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: January 19, 2021**