# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRIAN K. ALFORD,** : | |
| : | Case No. 2:20-cv-3879 |
| **Plaintiff,** : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Chief Magistrate Judge Deavers |
| **ANNETTE-CHAMBERS-SMITH,** *et. al.*, : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

Plaintiff Brian K. Alford, an individual currently incarcerated at the Toledo Correctional Institution ("TOCI"), who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. §§ 1983 and 1985 against the Ohio Department of Rehabilitation and Corrections Director, the Warden of TOCI, and Nurse Jane Doe. (ECF No. 1). This matter is before the Court for consideration of Mr. Alford's March 12, 2021 Objection and the State of Ohio's Response to Plaintiff's Objections to the United States Magistrate Judge's February 26, 2021 Report and Recommendation recommending that this matter be dismissed without prejudice for Plaintiff's failure to prosecute due to his non-payment of the required filing fee. (ECF Nos. 13–15). This matter is also before this Court for consideration of Plaintiff's Motion to Alter or Amend Judgment. (ECF No. 12). For the reasons stated below, the Court **OVERRULES** Mr. Alford's Objection, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **DENIES AS MOOT** Mr. Alford's Motion to Alter or Amend Judgment. This matter is hereby **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

On July 31, 2020, Plaintiff filed his initial complaint in this action against Defendants, alleging civil rights violations primarily arising from TOCI's denial of his request for rapid COVID-19 testing, as well as its plan to transfer him to a new facility during the ongoing pandemic. (ECF No. 1 at 2). In his amended complaint, Mr. Alford also alleged a violation of his civil rights due to TOCI's denial of COVID-19 antibody testing, which is relevant because he believes he was exposed to COVID-19 in January 2020. (ECF No. 4 at 7). In addition, in both his initial and amended complaints, Mr. Alford asserted that the Defendants fail to treat his life-threatening illnesses, including hepatitis-C, chronic eye conditions, and high blood pressure. (ECF No. 1 at 2; ECF No. 4 at 3).

When he filed his complaint, Plaintiff neither paid the required filing fee nor filed a Motion for Leave to Proceed *in forma pauperis* as required by 28 U.S.C. § 1915(b)(1). After this Court issued an Order and Notice of Deficiency, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF Nos. 2, 5). On August 25, 2020, Magistrate Judge Deavers entered a Report and Recommendation recommending that Plaintiff's Motion seeking *in forma pauperis* ("IFP") status be denied. (ECF No. 6). On October 1, 2020, Plaintiff filed an Objection to that Report and Recommendation. (ECF No. 9). On January 19, 2021, this Court adopted the Report and Recommendation, overruled Plaintiff's objection, and denied Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (ECF No. 10). On January 21, 2021, Magistrate Judge Deavers entered an order that Plaintiff pay the entire $402.00 filing fee within thirty days of the Court's order, warning that failure to pay the full fee within thirty days would result in dismissal. (ECF No. 11). Plaintiff did not pay the filing fee within that time.

On February 26, 2021, Magistrate Judge Deavers entered another Report and Recommendation, recommending that this Court dismiss Mr. Alford's case without prejudice for failure to prosecute because he had not paid the requisite fee. (ECF No. 13). Plaintiff objected, referring this Court to his February 12, 2021 motion to alter or amend its previous order denying him IFP status. (ECF No. 12). The State of Ohio responded as an interested party. (ECF No. 15).

## II. STANDARD OF REVIEW

If a party objects within the allocated time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Sixth Circuit requires a district court to dismiss a case for want of prosecution if, after being notified by the court, an inmate fails to pay the full filing fee or provide an affidavit of indigency and trust account statement. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997). In addition, Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to amend or alter judgment may be considered when filed within twenty-eight (28) days of the judgment it seeks to amend. This Court disfavors motions to reconsider, but will reconsider its own prior decision if the moving party demonstrates (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law. *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003). A different phrasing of the same argument is not sufficient grounds for reconsideration. *Meekison v. Ohio Dep't of Reh. & Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998).

## III. LAW & ANALYSIS

### A. Failure to Prosecute

Mr. Alford objects to Magistrate Judge Deavers' Report and Recommendation that his claims be dismissed on the basis that he believes this Court abused its discretion in denying his Motion for Leave to Proceed *in forma pauperis* in its January 19, 2021 Opinion and Order. (ECF No. 10). He does not expressly object to any specific portions of the Report and Recommendation dismissing his claim for failure to prosecute which is currently before this Court. Because this Court only reviews *de novo* those portions of the Report and Recommendation to which objection is made, it hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint. This Court notes that, by nature of its dismissal without prejudice, Plaintiff is allowed file suit on the same grounds, as well as to plead how TOCI's actions put him in imminent danger adequately.

### B. Motion to Amend or Alter Judgment

Because Plaintiff separately moved to amend or alter this Court's earlier judgment denying him *in forma pauperis* status pursuant to Federal Rule of Civil Procedure 59(e), and because this Court has not yet had the opportunity to consider that motion, it does so now. At issue in Plaintiff's Motion is whether his circumstances fit the requirements of the "imminent danger" exception to the Prison Litigation Reform Act ("PLRA")'s general rule denying *in forma pauperis* status to an incarcerated individual who has, on three or more prior occasions, while incarcerated, brought an action or appeal in federal court that was dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). This Court previously denied Mr. Alford *in forma pauperis* status because it found that he was not "under imminent danger of serious physical injury." (ECF No. 10).

Though this Court disfavors reconsidering prior decisions, it today has the opportunity to consider Mr. Alford's Motion to Alter or Amend Judgment because there are changed facts, in the form of updated CDC guidance, that constitute new evidence previously unavailable to the parties. Because Mr. Alford does not meet the ordinary notice pleading standard, even when liberally construing his pleadings, this Court **DENIES** Plaintiff's Motion to Alter or Amend Judgment.

As stated earlier in this Opinion, as well as this Court's January 19, 2021 Opinion and Order, the PLRA prohibits an incarcerated person from proceeding with a civil action or appeal without prepayment of fees if that individual has "three strikes" against them, with each strike representing "an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). If, though, that individual "is under imminent danger of serious physical injury," the "three strikes" prohibition will not apply. *Id.* Mr. Alford, responding to this Court's Opinion denying him *in forma pauperis* status, reasserted in his Motion to Alter or Amend Judgment that he is in "imminent danger to serious injury or death for failing to treat for a life threatening illness, and for failing to adequately test inmate population for COVID-19." (ECF No. 12 at 1).

Because the "imminent danger" exception is "essentially a pleading requirement subject to the ordinary principles of notice pleading," *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011), a plaintiff invoking the exception does not need to "affirmatively prove" the allegations of imminent danger. *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012). A *pro se* litigant is "entitled to have his complaint liberally construed." *Vasbinder*, 416 F. App'x at 562. All that is required is that the litigant "give the defendant fair notice of what the … claim is and

5

the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Yet still, a plaintiff must show that "his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Vandiver v. Prison Health Servs, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). The Plaintiff must satisfy both a "temporal requirement," that the danger is "real and proximate and the danger of serious physical injury" exists at the time of the complaint's filing, and a substantive requirement, that the allegations are sufficient to allow a court to draw the inference that the danger exists. *Rittner v. Kinder*, 290 F. App'x 797, 797 (6th Cir. 2008). Existence of an untreated, chronic health condition can satisfy the imminent danger requirement. *Vandiver*, 727 F.3d at 585.

In its January 19, 2021 Opinion and Order, this Court found that Mr. Alford did not satisfy the imminent danger exception because he did not provide grounds to draw the inference that failure to treat his life-threatening conditions of hepatitis-C and chronic eye conditions put him in imminent danger. (ECF No. 10 at 6). Neither did he assert that the conditions which at that time the CDC indicated put him at high risk of COVID-19 were being inadequately treated. (*Id.*). Finally, this Court noted that the conditions Mr. Alford assert put him in "imminent danger" are not clearly related to the claims he sought to bring, which centered on TOCI's handling of COVID-19, and the relief he sought, mass COVID-19 rapid testing and anti-body testing, as well as a halt to his transfer to a level-12 facility. (*Id.*).

At the time this Court entered its February Opinion and Order denying Mr. Alford *in forma pauperis* status, the CDC had indicated that there is "no information about whether people with hepatitis B or C are at increased risk for getting COVID-19 or having severe COVID-19,"

though "people of any age who have serious underlying medical conditions, including people with liver disease, might be at higher risk." *See United States v. Davis*, No. 7:08-CR-81-BR, 2020 WL 7408729, at *2 (E.D.N.C. Dec. 17, 2020). This Court took judicial notice of that potential increased risk but determined that Mr. Alford's claim of imminent danger due to failure to treat for hepatitis C had too uncertain a factual basis for an inference of immediate danger of serious bodily injury and lacked a nexus to his imminent danger claim. (ECF No. 10 at 6). Since that Opinion, an updated CDC Fact Sheet titled "What to Know About Liver Disease and COVID-19" states explicitly that "people with liver disease (such as hepatitis B or hepatitis C), might be at increased risk for severe illness from the virus that causes COVID-19." *See* CDC, *What to Know About Liver Disease and COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (last accessed June 11, 2021). Though a small change in language, this constitutes new evidence previously unavailable to the parties that might be grounds for reconsideration of this Court's prior Opinion.

Mr. Alford's Motion to Alter or Amend Judgment, however, does little more than restate the claims from his Complaint, Amended Complaint, and Objection to the Magistrate Judge's Report and Recommendation recommending denial of *in forma pauperis* status. He does not provide grounds upon which this Court could infer that TOCI has failed to treat life-threatening illnesses such that he has been placed in imminent danger. He only states the existence of his chronic health conditions and asserts that he did not receive treatment for residual effects of what he believes was a COVID-19 infection. His attached grievance forms likewise do not provide grounds to draw the inference that TOCI is placing him in imminent danger. These forms indicate that he was unsatisfied with treatment for sinus and upper respiratory infections, but that does not rise to the level of imminent danger. In one attachment, Mr. Alford asserts that he did

not receive blood pressure medication for ten days, but he does not provide explanation that would allow this Court to infer that this lapse *presently* places him in "real and proximate danger of serious physical injury." Finally, and most importantly, Mr. Alford provides no allegations or evidence that TOCI has failed to treat either his hepatitis-C or his chronic eye conditions, which he utilizes as the basis for his claim of imminent danger. Without Mr. Alford putting forth any allegations of concrete ways in which TOCI is presently failing to treat these conditions, this Court cannot draw the inference that TOCI is placing him in imminent danger. Because Mr. Alford does not meet the ordinary notice pleading requirement, even when his filings are liberally construed, his Motion to Amend or Alter Judgment is **DENIED**.

### C. CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. In addition, the Court **DENIES AS MOOT** Plaintiff's Motion to Amend or Alter Judgment Pursuant to Fed. R. Civ. P. 59(e). Accordingly, the Court **DISMISSES** this action for failure to prosecute **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 1, 2021**