IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRIAN K. ALFORD,**

    **Plaintiff,**

    v.

Civil Action 2:20-cv-3879
Chief Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

**ANNETTE CHAMBERS-SMITH,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Motion for Relief from Judgment Pursuant to Federal Rules of Civil [P]rocedures 60[(B)](4)(6). (ECF No. 30 (the "Motion for Relief from Judgment").) For the reasons that follow, it is **RECOMMENDED** that the Court **DENY** the Motion for Relief from Judgment.

**I.**

Plaintiff filed his Complaint on July 31, 2020, but failed to either pay the requisite filing fee or file an application for leave to proceed without prepayment of fees. (ECF No. 1.) After the Court issued a Notice of Deficiency on August 5, 2020, ECF No. 2, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* on August 20, 2020. (ECF No. 5.) On August 25, 2020, the Undersigned issued a Report and Recommendation, recommending that the Court deny Plaintiff's Motion for Leave to Proceed *in forma pauperis* because Plaintiff has accumulated three strikes within the meaning of the Prisoner Litigation Reform Act, 19 U.S.C. § 1915(g). (ECF No. 6.) On October 1, 2020, Plaintiff objected to the Report and Recommendation. (ECF No. 9.) On January 19, 2021, the Court adopted the Undersigned's Report and Recommendation

1

and denied Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (ECF No. 10.) On January 21, 2021, the Undersigned ordered Plaintiff to pay the entire $402.00 filing fee within thirty (30) days. (ECF No. 11.) The Undersigned cautioned Plaintiff that failure to pay the requisite filing fee within thirty (30) days would result in the dismissal of the action. (*Id.*)

On February 19, 2021, Plaintiff filed a Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e), moving to amend or alter this Court's earlier judgment denying him *in forma pauperis* status pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 12 (the "Motion to Alter or Amend Judgment").) In the Motion to Alter or Amend Judgment, Plaintiff requested that the Court reconsider its previous Order denying Plaintiff leave to proceed *in forma pauperis* because his circumstances, as alleged in Plaintiff's "Amended Complaint," fit the requirements of the "imminent danger" exception to the Prison Litigation Reform Act. (*Id.*) In support, Plaintiff specifically argued that he was in "imminent danger to serious injury or death for failing to treat for a life threatening illness, and for failing to adequately test inmate population for COVID-19." (*Id.*)

On February 26, 2021, Plaintiff had not paid the requisite $402.00 filing fee. Accordingly, the Undersigned recommended that the action be dismissed without prejudice for failure to prosecute. (ECF No. 13.) On March 12, 2021, Plaintiff objected to the Report and Recommendation, again arguing that he should have been granted leave to proceed *in forma pauperis* because he had sufficiently alleged that Defendants had placed him in imminent danger of death. (ECF No. 14.) On March 25, 2021, Interested Party the State of Ohio filed a Response to Plaintiff's Objections. (ECF No. 15.) On April 8, 2021, Plaintiff filed a Reply in further support of his Objections. (ECF No. 16.) On July 1, 2021, the Court entered an Order adopting the Report and Recommendation. (ECF No. 17.) In the Order, the Court also addressed

Plaintiff's Motion to Alter or Amend Judgment as follows:

> Mr. Alford's Motion to Alter or Amend Judgment, however, does little more than restate the claims from his Complaint, Amended Complaint, and Objection to the Magistrate Judge's Report and Recommendation recommending denial of *in forma pauperis* status. He does not provide grounds upon which this Court could infer that TOCI has failed to treat life-threatening illnesses such that he has been placed in imminent danger. He only states the existence of his chronic health conditions and asserts that he did not receive treatment for residual effects of what he believes was a COVID-19 infection. His attached grievance forms likewise do not provide grounds to draw the inference that TOCI is placing him in imminent danger. These forms indicate that he was unsatisfied with treatment for sinus and upper respiratory infections, but that does not rise to the level of imminent danger. In one attachment, Mr. Alford asserts that he did not receive blood pressure medication for ten days, but he does not provide explanation that would allow this Court to infer that this lapse *presently* places him in "real and proximate danger of serious physical injury." Finally, and most importantly, Mr. Alford provides no allegations or evidence that TOCI has failed to treat either his hepatitis-C or his chronic eye conditions, which he utilizes as the basis for his claim of imminent danger. Without Mr. Alford putting forth any allegations of concrete ways in which TOCI is presently failing to treat these conditions, this Court cannot draw the inference that TOCI is placing him in imminent danger. Because Mr. Alford does not meet the ordinary notice pleading requirement, even when his filings are liberally construed, his Motion to Amend or Alter Judgment is **DENIED**.

(ECF No. 17 at PAGEID ## 160-161.) The Court therefore dismissed the action for failure to prosecute without prejudice. (*Id.* at PAGEID # 161.)

On July 16, 2021, Plaintiff filed a Notice of Appeal regarding the Court's July 1, 2021 Order. (ECF No. 19.) On August 18, 2021, Plaintiff filed a Financial Affidavit. (ECF No. 21.) On August 20, 2021, the Court entered an Order construing Plaintiff's Financial Affidavit as a request to appeal *in forma pauperis*, and advised Plaintiff that such request was deficient pursuant to Federal Rule of Appellate Procedure 24(a)(1). (ECF No. 22.) The Court directed Plaintiff to file an appropriate motion with an accompanying affidavit within fourteen (14) days if he wished to appeal *in forma pauperis*. (*Id.*) The Court subsequently granted Plaintiff until September 17, 2021 to file an appropriate motion with an accompanying affidavit. (ECF No. 24.) On October 26, 2021, the Court denied Plaintiff's Motion for Leave to Appeal *In Forma*

*Pauperis*. (ECF No. 26.) The Court also noted that "this Court has already twice addressed [Plaintiff's] objections concerning imminent danger and found that he is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*." (*Id.* at PAGEID # 215.) On February 2, 2022, the United States Court of Appeals for the Sixth Circuit denied Plaintiff's motion for leave to appeal *in forma pauperis* and advised Plaintiff that "[u]nless [he] pays the $505 filing fee within thirty days of the entry of this order, this appeal will be dismissed for want of prosecution." (ECF No. 27 at PAGEID # 220.) Plaintiff never paid the filing fee, so on June 10, 2022, the Sixth Circuit dismissed Plaintiff's appeal for want of prosecution. (ECF No. 27.) On August 10, 2022, Plaintiff filed the subject Motion for Relief from Judgment. (ECF No. 30.)

**II.**

In the subject Motion for Relief from Judgment, Plaintiff summarizes the allegations of his Complaint and restates the arguments from his Motion to Alter or Amend Judgment. (ECF No. 30.) Plaintiff also extensively cites to *Smith v. DeWine*, 476 F. Supp. 3d 635 (S.D. Ohio 2020), before concluding that "[b]ecause [he] sufficiently alleged that he is under imminent danger of serious physical injury due to the failure to treat for his liver, eye and other conditions, the District Court's denial of leave to proceed *in forma pauperis* was an abuse of discretion and therefore 'Void.'" (*Id.* at PAGEID # 237.) Plaintiff therefore purports to seek relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6). (*Id.*)

Rule 60(b) permits this Court to grant a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4

>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Although trial courts have "especially broad" discretion in considering motions made under Rule 60(b), "[t]he grant of relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Payne v. Houk*, No. 2:18-CV-646, 2018 WL 4468246, at *1 (S.D. Ohio Sept. 18, 2018) (quoting *Tyler v. Anderson*, 749 F.3d. 499 (6th Cir. 2014) (internal quotation marks and citations omitted).

As discussed, Plaintiff seeks relief under Rule 60(b)(4) and (6). (ECF No. 30.) Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (internal citations omitted). Rule 60(b)(6), on the other hand, "is a catchall provision, which provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b)." *Henness v. Bagley*, 766 F.3d 550, 553 (6th Cir. 2014), *cert. denied*, 135 S.Ct. 1708 (2015) (internal citations omitted). "A movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Abdur'Rahman v. Carpenter*, 805 F.3d 710, 713 (6th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)), *cert. denied*, 137 S.Ct. 1201 (2017).

Plaintiff has failed to demonstrate that relief from judgment is appropriate under either provision of Rule 60. First, as to Rule 60(b)(4), this Court was undoubtedly vested with the jurisdiction to dismiss Plaintiff's action for failure to prosecute, even if Plaintiff disagrees with

5

how the Court reached that conclusion. Fed. R. Civ. P. 41(b); *see also Johnson v. Metro Gov't of Nashville & Davidson Cnty.*, No. 3:19-CV-00223, 2020 WL 6685540, at *3 (M.D. Tenn. Nov. 12, 2020) (holding that dismissal for actions which "amounted to a failure to prosecute . . . was within the court's discretion"); *Richard v. Mohr*, No. 2:13-CV-1013, 2019 WL 3022025, at *2 (S.D. Ohio July 10, 2019), *report and recommendation adopted*, No. 2:13-CV-1013, 2019 WL 3459413 (S.D. Ohio July 31, 2019). The judgment entered by this Court was therefore not void within the meaning of Rule 60(b)(4). Next, regarding Rule 60(b)(6), Plaintiff has made no effort to show what "extraordinary circumstances" justify the reopening of a final judgment. *Abdur'Rahman*, 805 F.3d at 713.

In the end, Plaintiff's Motion is not well taken because "[i]t is well-established that a motion for relief from judgment is not a proper substitute for appeal." *Easterling v. Dewine*, No. 3:13-CV-024, 2018 WL 7116096, at *2 (S.D. Ohio Oct. 22, 2018) (citing *GenCorp. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007)), *report and recommendation adopted sub nom. Easterling v. Ohio Att'y Gen.*, No. 3:13-CV-024, 2019 WL 315094 (S.D. Ohio Jan. 24, 2019). Despite Plaintiff purporting to file the subject Motion under Rule 60, the Court is hard-pressed to read the subject Motion as anything but Plaintiff's attempt to relitigate the issues this Court already has decided, and which Plaintiff failed to prosecute on appeal. *White v. Wilkinson*, 182 F.3d 920 at *1 (6th Cir. 1999) ("[P]laintiff simply cited nothing in any of his motions that could constitute a ground for relief from the order at issue."). Plaintiff clearly disagrees with the Court's conclusion that he did not qualify for the imminent danger exception and therefore could not be granted leave to proceed *in forma pauperis*. But the correct avenue for Plaintiff to have challenged this conclusion was by appeal. By failing to prosecute his appeal, Plaintiff has

6

reached the end of the road.¹

Accordingly, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rules of Civil [P]rocedures 60[(B)](4)(6), ECF No. 30.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d

---

¹ In denying Plaintiff's application to appeal *in forma pauperis*, the Sixth Circuit affirmatively noted that "[Plaintiff's] allegations do not demonstrate that he is in imminent danger of serious physical injury." (ECF No. 27 at PAGEID # 220.)  Accordingly, the Court need not speculate as to how the Sixth Circuit would have ruled on the merits of Plaintiff's appeal of the denial of his application to proceed *in forma pauperis* had Plaintiff paid the filing fee and prosecuted his appeal.

981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**Date: January 17, 2023**   /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**