IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRIAN K. ALFORD,** : | |
| : | Case No. 2:20-cv-3879 |
| **Plaintiff,** : | |
| : | **Chief Judge Algenon L. Marbley** |
| v. : | |
| : | **Magistrate Judge Elizabeth P. Deavers** |
| **ANNETTE CHAMBERS-SMITH,** *et al.*, : | |
| : | |
| : | |
| **Defendants.** : | |
| : | |

**OPINION & ORDER**

This matter is before this Court on the Plaintiff's Motion for Relief from Judgement (ECF No. 30). Plaintiff moves this Court, pursuant to Federal Rules of Civil Procedures 60(b)(4) and (b)(6), to reconsider its June 10, 2022 dismissal of Plaintiff's appeal for want of prosecution (ECF No. 30). For the reasons set forth herein, Plaintiff's Motion for Relief from Judgement (ECF No. 30) is **DENIED**. This Court **ADOPTS** the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 31).

**I.      BACKGROUND**

Plaintiff Brian K. Alford is an individual currently incarcerated at the Ross Correctional Institution in Chillicothe, Ohio. (ECF No. 34). Plaintiff initiated the instant litigation with his July 31, 2020 Complaint against the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), the Warden of the Toronto Correctional Institution, and nurse Jane Doe which alleged, *inter alia*, civil rights violations pursuant to 24 U.S.C § 1983 relating mostly to the COVID-19 pandemic and its effects. (ECF No. 1).

1

When Plaintiff filed his Complaint in July of 2020, he failed to pay the required filing fee or file an application for leave to proceed without prepayment of fees. (ECF No. 1). After the Court issued a Notice of Deficiency on August 5, 2020 (ECF No. 2), Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* on August 20, 2020 (ECF No. 5). On August 25, 2020, Magistrate Judge Elizabeth P. Deavers issued an R&R recommending that this Court deny Plaintiff's Motion for Leave to Proceed *in forma pauperis* because Plaintiff had incurred "three strikes" under the Prisoner Litigation Reform Act ("PLRA"), 19 U.S.C. § 1915(g). (ECF No. 6). On October 1, 2020, Plaintiff filed a timely Objection to the R&R. (ECF No. 9). On January 19, 2021, this Court adopted the Magistrate Judge's R&R and denied Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (ECF No. 10). On January 21, 2021, the Magistrate Judge ordered Plaintiff to pay the entire $402.00 filing fee within thirty (30) days, cautioning Plaintiff that failure to pay the required filing fee within thirty (30) days would result in dismissal of the action. (ECF No. 11).

On February 19, 2021, Plaintiff filed a Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), moving to amend or alter this Court's earlier judgment denying *in forma pauperis* status. (ECF No. 12). Plaintiff requested that the Court review its previous Order on account of the fact that his circumstances, as set forth in Plaintiff's Amended Complaint, met the requirements of the "imminent danger" exception to the PLRA. (*Id*). Plaintiff argued that he was in "imminent danger of serious injury or death for failing to treat for a life threatening illness, and for failing to adequately test inmate population for COVID-19." (*Id*). On February 26, 2021, Plaintiff had still not paid the requisite $402.00 filing fee. Accordingly, the Magistrate Judge recommended that the action be dismissed without prejudice for failure to prosecute. (ECF No. 13). On March 12, 2021, Plaintiff filed timely Objections to the R&R, arguing again that he should have been granted leave to proceed *in forma pauperis* because he had

2

sufficiently alleged that Defendants had placed him in imminent danger of death. (ECF No. 14). The State of Ohio filed a Response to Plaintiff's Objections (ECF No. 15), and Plaintiff replied (ECF No. 16). On July 1, 2021, this Court entered an Order adopting the R&R. (ECF No. 17).

On July 16, 2021, Plaintiff filed a Notice of Appeal pertaining to this Court's July 1, 2021 Order. (ECF No. 19). On August 18, 2021, Plaintiff filed a Financial Affidavit. (ECF No. 21). On August 20, 2021, the Court entered an Order construing Plaintiff's Financial Affidavit as a request to appeal *in forma pauperis*, and notified Plaintiff that such request was deficient pursuant to Federal Rule of Appellate Procedure 24(a)(1). (ECF No. 22). The Court directed Plaintiff to file an appropriate motion with an accompanying affidavit within fourteen (14) days if he wished to appeal *in forma pauperis*. (*Id*). The Court granted Plaintiff until September 17, 2021 to file an appropriate motion with an accompanying affidavit. (ECF No. 24).

On October 26, 2021, this Court denied Plaintiff's Motion for Leave to Appeal *In Forma Pauperis*. (ECF No. 26). This Court also noted that "this Court has already twice addressed [Plaintiff's] objections concerning imminent danger and found that he is barred by 28 U.S.C. § 1915(g) from proceeding in forma pauperis." (*Id.* at 2). On February 2, 2022, the United States Court of Appeals for the Sixth Circuit denied Plaintiff's motion for leave to appeal *in forma pauperis* and advised Plaintiff that "[u]nless [he] pays the $505 filing fee within thirty [(30)] days of the entry of this order, this appeal will be dismissed for want of prosecution." (ECF No. 27 at 4). Plaintiff never paid the filing fee, so on June 10, 2022, the Sixth Circuit dismissed Plaintiff's appeal for want of prosecution. (ECF No. 27).

On August 10, 2022, Plaintiff filed the subject Motion for Relief from Judgment. (ECF No. 30). The Magistrate Judge issued her R&R on January 17, 2023 (ECF No. 31) to which Plaintiff responded in his timely-filed Objections (ECF No. 34).

## II.     STANDARD OF REVIEW

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may move for, and the Court may grant, relief from a final judgment, order, or proceeding for the following six reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

To justify relief, Plaintiffs must demonstrate either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Holman v. Haskell,* 9 F.3d 107 (6th Cir.1993). In determining whether clear error exists, the Court must consider whether "it is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie,* 532 U.S. 234, 242 (2001). Finally, "[t]he grant of relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Payne v. Houk*, No. 2:18-CV-646, 2018 WL 4468246, at *1 (S.D. Ohio Sept. 18, 2018) (quoting *Tyler v. Anderson*, 749 F.3d. 499 (6th Cir. 2014) (internal quotation marks and citations omitted)).

## III.    LAW & ANALYSIS

The Plaintiff asserts that this Court should modify the dismissal of Plaintiff's action for failure to prosecute. But in support of his Motion for Relief from Judgement, the Plaintiff offers virtually no argument for why the dismissal of the action was invalid under Rule 60(b)(4) or what "extraordinary circumstances" justify reopening the final judgement pursuant to 60(b)(6). Instead,

4

Plaintiff largely attempts in his Motion for Relief from Judgement (and later in his Objections to the Magistrate Judge's R&R) merely to relitigate issues which have already been decided by this Court, and which Plaintiff has failed to prosecute properly on appeal.

First, Plaintiff seeks relief under Rule 60(b)(4). This rule applies narrowly to "the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).[1] In his Objections to the Magistrate Judge's R&R, the Plaintiff asserts that this Court's order denying him *in forma pauperis* status in effect deprives him of "due process in relation to an opportunity to be heard under 60(B)(4)." (ECF No. 34). The Plaintiff is not entitled to relief from judgement based on this argument. For purposes of a Rule 60(b)(4) motion, a due process violation must "deprive[ ] a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc.* at 271 . Particularly, due process "requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 272. After a litany of motions filed by Plaintiff, the United States Court of Appeals for the Sixth Circuit, after finding that the Plaintiff did not pay the filing fee, alerted Plaintiff that failing to pay the fee within the requisite time frame would result in dismissal of his action. (ECF No. 31). When Plaintiff failed to pay, the Sixth Circuit dismissed the Plaintiff's appeal. The record before this Court does not indicate that the Plaintiff was deprived of an opportunity to be heard or present his objections. Plaintiff received due process here through his many filings and the opinions and orders issued by this Court and the Sixth Circuit. Upon review, this Court finds that the Sixth

---

[1] The Plaintiff, in his Objections to the Magistrate Judge's R&R, at no point disputes the Magistrate Judge's finding that the Sixth Circuit did not commit a "jurisdictional error" within the meaning of 60(B)(4); instead, he contends only that his due process rights were implicated. (ECF No. 34).

5

Circuit did not make a mistake, commit clear error, or cause manifest injustice in dismissing Plaintiff's action for want of prosecution. Accordingly, this Court rejects Plaintiff's Motion for Relief from Judgment pertaining to 60(b)(4).

Second, Plaintiff seeks relief under Rule 60(b)(6). As the Magistrate Judge noted, this statute "is a catchall provision, which provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b)." *Henness v. Bagley*, 766 F.3d 550, 553 (6th Cir. 2014). Additionally, a movant seeking relief from judgement under Rule 60(b)(6) must plead the existence of "extraordinary circumstances." *Id*. When determining whether to grant relief under this statute, courts engage in a case-by-case inquiry that balances numerous factors, such as "competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id.* at 554. The Plaintiff has failed to make any effort to show what "extraordinary circumstances" exist which constitute the reopening of a final judgment in this case. (ECF No. 31 at 6). Indeed, the Plaintiff also failed to do so in his Objections to the Magistrate Judge's R&R. (ECF No. 34). Accordingly, this Court rejects Plaintiff's Motion for Relief from Judgment pertaining to 60(b)(6).

Lastly, Plaintiff requests that he be granted leave to intervene as a class action member of *Smith v. DeWine*, a case to which he cites in his Motion for Relief from Judgement (ECF No. 30). This must also be denied. The action to which the Plaintiff seeks to join was terminated, in pertinent part, when the *Smith* court denied the claimants the requested preliminary injunctive relief. *Smith v. DeWine*, 476 F. Supp. 3d 635 (S.D. Ohio 2020). And regardless, Courts in this Circuit have held, in part due to the development of the COVID-19 vaccine and other mitigating factors, that the existence of the COVID-19 pandemic alone "does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747,

6

751 (6th Cir. 2021). Accordingly, this Court rejects Plaintiff's certification as a class member in *Smith*.

### IV. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Relief from Judgement is hereby **DENIED** (ECF No. 30) and the Court **ADOPTS** the Magistrate Judge's R&R (ECF No. 31).

**IT IS SO ORDERED.**

/s/ Algenon L. Marbley
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 22, 2023**